BUSCEMA ET AL., APPELLEES, *v.* FLUEGEMAN, APPELLANT.

(No. C-790470—Decided September 24, 1980.)

*Messrs. Rice & Ladrigan, Mr. Terrence F. Ladrigan* and *Mr. John E. Rockel,* for appellees.

*Messrs. Griffin & Fletcher* and *Mr. Michael C. Fletcher,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The instant appeal derives from the judgment of the trial court ordering the rescission of a written contract for the sale of real property. Under the terms of the agreement rescinded by the court below, the plaintiffs-appellees, Phillip A. and Phyllis J. Buscema, sold their family residence in Milford, Ohio, to the defendant-appellant, David J. Fluegeman, who, in his capacity as a licensed real estate salesman, had previously been retained by the appellees to locate a purchaser for the house.

After a closing was held on the transaction, the appellees filed a complaint in two counts in the Court of Common Pleas, alleging that the appellant had breached a fiduciary duty owing to them by purchasing their residence for his undisclosed personal gain, and that he had further breached the purchase contract itself by failing to pay the full contract price. The complaint requested both compensatory and punitive damages, and "such other relief as the court may find just."

The action came on for a trial without intervention of a

jury on March 22, 1979. On that date, the appellees presented their evidence, and rested. Immediately after appellees had completed their presentation, the appellant made an oral motion for dismissal pursuant to Civ. R. 41(B)(2) on the ground that the facts and the law provided no right for relief. The judge presiding heard oral arguments on the motion, and then took it under advisement, informing both parties that they could submit written briefs before he announced his decision.

On June 5, 1979, in the absence of further proceedings on the matter, a final judgment[1] in favor of the appellees was entered upon the record, ordering that the contract of sale "be rescinded and the parties returned to their original position as nearly as possible." Exceptions by the appellant were noted and he thereupon filed a timely notice of appeal.

The appellant has given us two assignments of error for review, only one of which we now address on the merits.[2] In that assignment, he asserts that the court below erred by failing to afford him "the opportunity to present a defense." He reasons that it was improper for the judge presiding below to proceed to a final judgment on the merits where the trial had progressed only through the completion of the plaintiffs' case in chief and the making of a defense motion for dismissal, and where defense counsel had informed the court that the motion for dismissal should not be construed to rest the defendant's case.

We agree.

It is a fundamental tenet of the American adversary system of justice that a litigant must be given his day in court in the form of a meaningful opportunity to present evidence in his own behalf. See, *e.g., Nationwide Mutual Ins. Co.* v. *Riggle* (1962), 173 Ohio St. 288. Such a principle finds expression in, *inter alia,* Civ. R. 41(B)(2), which states, in relevant part, that:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the

---

[1] The court prefaced its entry of judgment in the following manner:

"This matter came on for trial before the Court on March 22, 1979. The Court, after hearing the evidence and arguments of counsel, finds in favor of the Plaintiffs."

[2] For reasons which will become apparent, *infra,* we need not consider the second assigned error which, in essence, asserts that the judgment of the court below was against the manifest weight of the evidence and contrary to law.

defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. * * * "

In the instant cause it is clear that the appellant made only a Civ. R. 41(B)(2) motion for dismissal at the close of the appellees' case in chief and that, during oral argument on the motion, he specifically informed the court that he was not resting his case.[3] Nevertheless, the court chose, in effect, to transform its ruling on the motion into a final judgment on the merits without any intervening expression by the appellant of a waiver of his right to present further evidence. It is our view that such action constitutes error to the substantial prejudice of the appellant's rights; and, for this reason, we conclude that the assignment of error is well taken.[4]

The failure to afford the appellant an opportunity to present evidence in his own behalf requires that we reverse the judgment of the Court of Common Pleas of Hamilton County and remand the instant cause to that court for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

SHANNON, P. J., KEEFE and BLACK, JJ., concur.

---

[3] During a colloquy with the judge after the motion for dismissal was made and in response to an apparent misconception by the judge that a motion for a directed verdict had, in fact, been submitted, counsel for the appellant stated at trial, "Formally, your Honor, I didn't rest."

[4] Denying that the trial court acted to the prejudice of the defendant-appellant by entering final judgment against him, the appellees adopt a formalistic argument that the appellant elected to submit a trial memorandum instead of a brief in support of his motion to dismiss at the close of the plaintiffs' case and that it is apparent from the memorandum that he did not have any new evidence to offer at trial. It is our view, however, that such action did not constitute a waiver of the appellant's right to present evidence in his own behalf. We are similarly unpersuaded that the failure to file a Civ. R. 60(B) motion for relief from judgment constituted a waiver.